FARMERS BANK OF LYONS, APPELLEE, v. ARGO N. DIXON ET AL., APPELLANTS.

FILED JUNE 12, 1912. No. 16,747.

Bills and Notes: BONA FIDE HOLDER. If a negotiable promissory note is transferred to a bank as collateral security to an indebtedness to the bank substantially equal to the amount of the note, and the note is so taken by the bank in the regular course of business and without notice of any defense thereto, the bank becomes an innocent holder, and the note is not subject to defenses that may have existed as against the original payee.

APPEAL from the district court for Dixon county: GUY T. GRAVES, JUDGE. Affirmed.

Kingsbury & Hendrickson, for appellants.

J. J. McCarthy, contra.

SEDGWICK, J.

The plaintiff began this action in the county court of Dixon county against these defendants upon a promis-

sory note. The case was tried several times in the county
court and finally appealed to the district court. In that
court the plaintiff moved to strike out several paragraphs
of the defendant's answer upon the ground that they
raised a new issue not presented in the county court.
The defense attempted to be alleged in these paragraphs
so stricken out was that the note in suit was given for a
horse upon a warranty, and that the horse was not as
warranted, and was of no value. It is not at all clear
that the rulings of the court in striking out these para-
graphs were justified in the condition the record then
was, but it does not appear to be necessary to go into a
detailed examination of that question because the de-
fense failed upon other ground.

The bank claimed to be an innocent purchaser of the
note in the regular course of business, and the defend-
ants alleged in their answer that the note was first trans-
ferred to the bank by the payee as collateral security,
and that it was afterwards purchased by the bank. There
was no allegation that the bank had any notice of any
existing defense to the note at the time it was received by
the bank as collateral security, and by so receiving it
without notice of any defense the bank became an inno-
cent purchaser of the note to that extent. *Lashmett v.
Prall*, 2 Neb. (Unof.) 284. It appears to have been
taken as collateral to an indebtedness of the payee of the
note, and if this indebtedness was afterwards canceled
and the note, which was collateral thereto, was taken in
payment of the principal debt, the bank would still be
an innocent purchaser. One of the defendants testified
that he wrote a letter to the bank in which he informed
the bank that he had given a note to the payee for a
horse, and that the horse was of no value, but this, by
his own evidence, was after the bank had taken the note
from the payee as collateral to the indebtedness to the
bank, and had so become an innocent purchaser of the
note. The district court instructed the jury to find a
verdict for the plaintiff for the amount of the note and

interest, and this was the only verdict possible under the
defendants' answer and evidence.

The judgment of the district court is

AFFIRMED.